440 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Dreyfus v. Lutz Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EMANUEL DREYFUS, PETITIONER, v. LUTZ COMPANY, A CORPORATION, RESPONDENT.

Injury to Employe While Cutting a Piece of Wood Which in no Way was Necessary to be Done in the Course of His Employment.

DETERMINATION.

A formal petition having been filed in the above matter asking for compensation under the terms of the Workmen's Compensation act of this state and an answer having been duly filed by the respondent; the same came on for a formal hearing before me in Jersey City on the 10th day of December, 1926. The permanent and temporary disability was stipulated and agreed upon by both parties to the action.

At the hearing Mr. Dreyfus testified in his own behalf but did not call any other witnesses to corroborate his testimony. Mr. Dreyfus testified that in his regular duties as a general shop hand helper in a factory he had to use strips of wood two or three feet long to place by the scales while they dried. Strips of wood were provided him of this length for this purpose. Mr. Dreyfus testified that on August 13th, 1926, on returning from the yard with some of these strips of wood he stopped at a cross-cut machine and, in cutting a piece of wood less than two feet long, about one and one-quarter inches wide and about one-quarter inch thick, he injured his hand.

On behalf of the respondent, Mr. Joseph Ffeiffer, who was employed as a foreman by the respondent company, and John Kessler, an employe of the respondent, testified. Both witnesses testified that the piece of wood that Mr. Dreyfus was cutting at the time he was injured was eighteen inches long and that cutting the wood was in no way necessary or useful for the job that Mr. Dreyfus was to do with it.

Accordingly, I find from a preponderance of the testimony that the petitioner failed to sustain the burden of proof that he sustained an injury by accident arising out of and in the course of his employment, in that the petitioner deviated from his regular employment doing an act which was utterly unnecessary and useless for the accomplishment of his duties. The petitioner is therefore not entitled to any compensation.

Accordingly, the case is hereby dismissed, without cost to either party.

<div style="text-align:center">

CHARLES E. CORBIN,
*Deputy Commissioner.*